Good morning, Anna Coleman for Mr. Redmond. I'd like to start with United States v. Gaudin because I think that opinion controls the question that lies at the heart of this appeal. Well, I'd like you to start with the question of why you're not precluded by the earlier determination in this case from the arguments you're making. The claims that we have here are different. Obviously, we have a manufacturer. I understand the claims are different, but they still seem to be issue precluded by what was determined in the earlier case, both as to whether this is a question that can be decided by judicial notice, because they did decide it by judicial notice, and by inference whether it needs to go to the jury because they decided it without sending it back to the jury. Well, the court, it was on plenary review on the first appeal, and the Supreme Court has now said that this court could do what it did, which was go outside the record and find and look at materials outside the record to determine whether there was sufficient evidence and whether a reversal would be required, and the relief that was sought in the first appeal was a judgment of acquittal. That was the relief that was sought. There was no claim that the issue should go to the jury, that that wasn't raised at all. Now, we're making a different claim. We're not asking this court to enter a judgment of acquittal. We're asking this court to grant the new trial where Mr. Redman would have effective assistance of counsel and would have the documents that he should have been given at the initial trial to present the defense to the jury. But the conclusion was that as a matter of law, this was within the special or maritime jurisdiction of the United States as a matter of law. By looking at these same documents that you're now asking, which they say were not arguable and could be determined on their face, essentially. So, I'm just having a very hard time understanding, which is where the district judge sort of ended up there after going through a lot of hoops and saying, well, no matter what happens here, you're going to end up in the same place. Well, I don't believe that the court held as a matter of law what, on the first appeal, what the majority held was that there was sufficient evidence to convict under plain error review. That's much different than saying that a jury could have, could not have acquitted this individual. In fact, the district court below found that a jury could have acquitted him and Judge Ikuda found, even found that the evidence was insufficient. Certainly a reasonable juror could have acquitted him. I don't believe that the prior panel held that for all purposes forever, that the, that no jury can ever decide this issue. All judges are heretofore bound by our decision, this unpublished decision. No, no, all judges are. It was an unpublished decision and it only applies to this case, but it's the law of this case and it is, it seems to me, issue preclusive in this case. Well, the law, our position is the law of this case is that the, the evidence was sufficient under plain error review. That doesn't mean the claim that we're raising here is that a jury could have, would have had to have convicted him. I think that the... What factual, pardon me, what factual issue would a jury decide? Jury would decide whether USP Victorville is within the special meritorial jurisdiction. But isn't that a question of law? It's a mixed question of law and fact. What's the, what's the factual question? The only factual question is where the prison is. And also whether the federal government has accepted jurisdiction. That's a question, that's a question of law. Whether the federal government accepted jurisdiction depends on the acts of the federal government and the governor. And we, and there needs to be a determination as to what those acts were. That was determined in the first appeal when they, when they took judicial notice of the fact. They took judicial notice again on under plain error review. Well, actually, what they actually said was this standard applies. We do not need to address written insufficiency of the evidence claim because we can and do take judicial notice. So they weren't assigning insufficient evidence claim under plain error. They were just saying it's all spinach because we, we take judicial notice. And it's a, by implication is for us to do that. And they didn't, they didn't cite United States versus Dowdene, which says that you can't do that. Well, fine, and they were wrong, but that's the problem here. They may have been wrong, but it's still the law of this case. Well, if the court, if the court believes that that, that that binds an ineffective assistance of counsel, I mean, again, we have the question about whether had the counsel preserved the Rule 29 claim, whether, you know, whether the result would have been different. But if the court finds that, that that issue, that it is precluded, then we'd find, then we'd ask the court to find that the prior panel was clearly erroneous under Dowdene. We don't think that the court has to apply that standard of review because we don't think it ever addressed Dowdene. It didn't cite Dowdene. It didn't make those determinations at all. But Dowdene was a case that was not about this particular oddity of this, the jurisdictional question, and there is a lot of water under the bridge about that, that question. Some of it seems to say that it, it doesn't go to the jury, and some of it seems to support your notion that maybe it's true. Mujahid, for example, seems to suggest that maybe it goes to the jury sometimes. But it's not, Dowdene is, Warren seems to say it doesn't go to the jury. Davis seems to say it doesn't go to the jury. But whatever it is, Dowdene is not about this specific problem at all. Well, Dowdene obviously deals with the more general question about do we divide elements into factual components and legal components and have judges decide the legal components and juries decide the factual components? And the Supreme Court affirmed Nimbanka's decision of this court and said, no, that's not the way we do it. The jury determines it all. And, you know, Warren, you had mentioned, Warren never decided this issue. Warren just said, under plain error review of an instructional claim, said that there was no plain error in that case because the defendant didn't contest any, from a factual matter, the element at issue. Here, we're vigorously contesting the element. We have a Ninth Circuit judge who has agreed with our position on the element. We have a district court judge who's saying that there is doubt as to this element. So it's a completely different contest. Mujahid. I think there's doubt as to the element. But the panel before us said that it was clear and took judicial notice. Well, if your Honor agrees with Judge Acuda that there's doubt as to the element, I mean, we certainly argue under a miscarriage of justice type standard that the court should not be affirming a conviction and 30-year sentence for an individual when the evidence was insufficient and that this court has ample authority under Section 2255 to grant relief that is fair and just under the circumstance. Well, let me ask you about the actual evidence. And this goes to whether there was an effective assistance or prejudice. There's the letter that says we're basically accepting jurisdiction as to all military bases. This was a military base. There's a list. And the list has this on it, although handwritten. But anyway, it is a military base. And then there's this business about, well, did California ever do whatever it's supposed to? But is that part of the requirement, part of the federal requirement? Part of the federal requirement is yes, it has to be legally effectuated within the state, both the federal government has to accept it and it has to be legally effectuated according to the state law. And the problem we have here is that. But where is that? Because it didn't look to me like it was in the statute. I thought it was in the, I think it's, I believe it's in, I'll double check while my friend is arguing, but I believe it's in that statute that's entitled 40 of the U.S. Code. I believe it's a 40 U.S.C. 3112. But I will double check that. Okay. It's acquisition and acceptance of jurisdiction. And they may accept or secure from the state, et cetera. The individual should indicate acceptance of jurisdiction on behalf of the government by filing a notice of acceptance with the governor of the state or in any other manner prescribed by the laws. But this was filed a notice of acceptance for the government of the state. So I don't really see that, I'm not at all sure there is a contested issue of that. But theoretically, that wouldn't so much matter if this really had to go to the jury. If it had to go to the jury, then the jury would determine, yes. And I believe it's also required under the California law, and that may be that the California governor has to record the document with the county recorder's office. So, and I'll try to double check that. But I don't think that's in the federal statute and it has to be compliant with state law. Anyway, go ahead. Well, it's our position that the court, and I say I'm out of time, that the court should, we don't think it's issue precluded. If the court does think it's precluded under a re-litigation bar, that the court should, in granting fairness and justice, which under its 2255 and habeas powers it can do, that it should either grant Mr. Remen a new trial or if the court thinks that the evidence was insufficient, find it insufficient. Thank you. Good morning, Your Honors. May it please the court, Graham Alden for the United States. I think, Judge Berzon, you made my argument for me at the very beginning, which is that the prior panel decided this issue and it didn't matter what the standard of review was or what the remedy the prior panel pointed out, that it did not even need to decide the sufficiency question because it was making this finding as a matter of law that this prison falls within federal territorial jurisdiction. That, as far as I'm concerned, ends the analysis. At that point, to overcome the re-litigation bar, the petitioner had to show some clear error of fact, which he talked about as law of the case, and that's because this isn't a final judgment, but it was a final judgment. In other words, why isn't this simply issue preclusion? It's because of the 2255 context? Is that why? I would say that it's because of 2255 and the case law saying that issues that have been decided on bar in a way that's actually very similar to law of the case, but perhaps even more stringent given the requirements for 2255. The cases I would point to are Argo, Manzo, the Supreme Court decision. Some of them are pretty old at this point, but all of them stand for the proposition that unless there is some clear error of fact or a change in the law, and of course, before the panel disposition in this case, and therefore cannot constitute a change in the law, even if it were irreconcilable with the panel decision, which it is not. So, I do think that this is precluded. This panel cannot revisit it, and then if it weren't, I guess I would go directly to Judge Bea's point, which is that this is a question of law, and the panel got it right. Oh, that I don't understand. It's been said sometimes and not other times, and Muhammad seems to say maybe yes and maybe no, and I don't really see why if you had, you know, as here, at least some, well, even if you didn't, I mean, I don't understand why it's a matter of law. So, Mujahid, the one case that actually involves a prison's jurisdiction, was not actually about territorial jurisdiction in the sense that Warren and Jyth and Smith and the other cases the government relies upon are, because Mujahid was a case in which it was actually a state prison, and there was a contract with the federal government to operate that prison, and Mujahid held that that contractual question could potentially be an issue of fact if there were disputed facts. In all of the cases, however, where it's about territorial jurisdiction as opposed to a contractual relationship between the federal and state governments, the Supreme Court and this court have held time and again that it is a bifurcated inquiry and that the question of law is whether the territorial jurisdiction belonged to the federal government. There's no reason for that approach. But tell me why that, it doesn't seem to accord with one's notion of what's a matter of law. It obviously could be contested factually and isn't necessarily straightforward, and you might want to say that it's a judicative fact, but one that's for the judge, but I don't see how you can say it's for the matter of law. So even though there are, of course, facts that could be contested, that doesn't necessarily mean it's not a question of law, and it doesn't mean that it's not a legislative fact that the judge should decide. And I think the reasons why courts have for centuries considered this a question of law, primarily because it implicates significant federalism concerns. It implicates the relationship between federal and state government. Counsel, in connection with this argument, can you address U.S. versus Reed? I mean, I know that came out after Redmond's case in this matter, but it does say the existence of federal jurisdiction over a place is an element that has to be established to the jury beyond what we know about, and Reed is cited in the government's brief. Yes, Your Honor, and Reed did not analyze whether there should be a bifurcation of that question, and the government, of course, concedes and makes the point that whether the offense actually took place in that specified prison is a question of fact that the jury must decide. Now, of course, that's a very simple question in this case, but it's not always necessarily a very simple question as to whether an offense took place within the federal territorial ledge. Reed, if the court wants to follow that analysis, though, and treat this purely as a question of fact, Reed would come out very strongly in the government's favor, which is to say that all that is required to prove that question of fact would be testimony that this was a federal prison and that the people who worked there were federal employees or that the inmates in the prison were federal inmates. So, Reed sets a very low bar for that question of fact, but I do think that Reed did not consider or analyze Warren and Smith and Jipe and so happy in the cases that the government relies on for historically holding that the portion of the inquiry committed to the court as a question of law is whether the federal government exercises jurisdiction over the area. The only other point I would make is that I agree with the court and Judge Berzon's comment in particular that Gowden is in opposite here. It involved a true question of materiality, which is a question of fact, where the jury had to decide what statement was made, what false statement allegedly in that case was made, and whether that was material to the investigation that it allegedly interfered with. But what I'm more concerned about is appending. I mean, anything that—any fact that goes to the conviction has to be tried to the jury, and this could certainly be a contested fact that could affect the conviction. And I don't—there's an exception. As far as I know, there's one exception to appending, which is the Almedara's exception for prior convictions, and that's based on very specific reasons. And other than that, everything goes to the jury. So why not? So appending, of course, involved whether a hate crime finding that a defendant intended to intimidate the victim was a question of fact. I think, again, that is not actually the issue here, which involves territorial jurisdiction. And I understand completely that there is no case specifically saying territorial jurisdiction is an exception to the Apprendi rule, but all of the cases treated as such, including the Supreme Court's decision in McGirt, which was just last year and involved a very extensive analysis of extra record materials in determining whether the state exercised jurisdiction over the land that it had prosecuted a crime on. So I do think that even though it may not be explicit in the case law, that it is clear that territorial jurisdiction has always been treated as a question of law and should continue to be so treated, unless the court has further questions. I have one question. If title doesn't vest in the federal government unless the state document is recorded, isn't that a question of fact, whether it's recorded or not? So that would be an underlying question of fact for purposes of determining the question of law. That doesn't mean that it's not a question of law whether or not the federal government exercises jurisdiction, just as it was still a question of law in McGirt, where the Supreme Court looked to all of the history of transactions between the state and federal government and the Indian tribe in that case to determine whether the federal or the state government exercised jurisdiction over that land. But I would, Your Honor, say that that question that you posed is not actually in the statute, that I disagree with Mr. Coleman that that needs to be proved as a matter of 40 U.S.C. 3112B, and that as the court read it, Judge Berzon, that is not part of the federal requirement. So here, what had to be shown if this was a question of law that had been raised below, or when it was raised on appeal, was that the federal government accepted jurisdiction and the state consented to that. We don't have to prove all of the things about the state recording system. So your position is that if the federal government accepted jurisdiction, even though the state requires such acceptance to be recorded, that factual issue, whether the recordation took place, is not something to be put to the jury. I would agree with that, Your Honor. But I would also say that because of the way the federal statute is written, the state's consent is enough. And the state did provide that consent here. It consented. It tried to reserve a portion of jurisdiction to still continue taxation rights, but that does not mean that the state did not consent to the federal exercise of criminal jurisdiction over that venue. And I see that I'm over time, and I appreciate the court's time. Thank you. Thank you very much. I mean, this whole thing is noddier than it looks because I don't understand. I really am struggling with your notion that something that is factually contested could be, is a matter of law. That's just not the way we speak in the legal system. If somebody has to decide a factual question, then it's factual. It's not legal. It may be for the judge, but it's not legal. All right. Thank you very much. Mr. Coleman, please. Yes. If the court thinks that I can't get around the re-litigation bar, then I would ask the court to refer the matter for in-bank review. I think that an in-bank panel is not bound by a three-judge panel. And given the differing, I mean, Mujahid mentions that there's conflict within this circuit. I think this would be an appropriate matter for in-bank review. So I believe we can get around the re-litigation bar, but if the court disagrees, then I would ask the court to refer it for in-bank review. Why is there a conflict with Mujahid? Well, Mujahid notes that there's... First of all, about something somewhat different, but second of all, didn't decide whether there was something, how it would work under these circumstances. Mujahid, in that footnote, that final footnote says that our case law hasn't been particularly consistent in this area, and there may be conflict in this court's precedent, but we don't have to resolve it here. So I guess what I'm saying is that that would seem to be a good candidate for in-bank review, because this court has recognized that there's tension in its own precedent. And I believe some of the precedent, the one that doesn't go my way, conflicts with Supreme Court precedent. So that would be... I do believe that this would be a good candidate for in-bank review if the court thinks re-litigation bar applies. My co-counselor mentioned AEDPA review. I'm not sure which provisions of AEDPA he's relying on, but AEDPA generally doesn't apply to section 2255. That's to a section 2254 petition. This is, of course, is a federal 2255 petition. I just... On the issue of the question of law versus question of fact, I mean, I think what the government is doing here is they keep on labeling it a question of law, which is exactly what they wanted to do in Gowdean, and the Supreme Court said, no, you can't break it up like that. This is a mixed question of law and fact. That's exactly what the Supreme Court said in Gowdean, and that those go to a jury. Well, but the argument here is that this is a special category of territorial jurisdiction, which for some reason is for the... I understand. They keep calling it a matter of law, but what they're really saying is this is for the judge, not the jury. Right, and the Supreme Court in Torres versus Lynch said that jurisdictional elements are for the jury to decide beyond a reasonable doubt. They said that after Gowdean. Your Honor's reported appointed cases like a Prenn v. Alene. All the cases over the last 25, 30 years have been making it clear that the jury makes these circuit precedents throughout the circuits which we cited that hold that jurisdictional elements go to the jury. For example, whether there's an effect on interstate commerce. That's a jurisdictional element. All the circuits have said that goes to the jury. We don't divide it up and say, have the jury determine, well, what happened here, and then the judge will make the determination about whether that affected interstate commerce. The jury makes that determination, the whole determination. Finally, on the state court consent, whether the state court had to consent to the jurisdiction. You know, I think at this point, I don't think it's clear that the state, I mean, I think the government agrees that the state court had to consent to the jurisdiction, whether that had whether it had to be filed or not, we at least have to consent. And part of the problem with the documents is that the parties in this case didn't agree on what was being transferred here. The federal government wanted exclusive jurisdiction. The government's papers say that the state only wanted to create partial jurisdiction. And there has never been a meeting of the minds under the government's own documents as to what type of transfer was occurring here. And the government agrees that the state has to consent. And that's another factual dispute in the case. In addition to the lack of a recording of the doc of the consent, there is no indication that the parties consented to the transfer here because they're talking about two different things. One's talking about exclusive jurisdiction, and the other is partial jurisdiction. Okay, your time is up. So thank you more than enough. Thank you. So thank you very much. Thank both of you for your arguments in this tricky little case. Redmond versus United States of America is submitted and we'll go to the last case.
judges: BERZON< BEA< NGUYEN